# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**MARK D. SMITH,** )
)
              Plaintiff, )
)
v. )     No. CIV 13-369-JHP-SPS
)
**SGT. WILSON and CORRECTIONS** )
**CORPORATION OF AMERICA,** )
)
              Defendants. )

## **OPINION AND ORDER**

This action is before the court on the defendants' motions to dismiss and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. The court has before it for consideration plaintiff's amended complaint (Dkt. 16) and the defendants' motions (Dkt. 23 and Dkt. 25). No response to the motions was filed.

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking in excess of $200,000 for alleged constitutional violations during his incarceration at Davis Correctional Facility (DCF), a private prison in Holdenville, Oklahoma. The two defendants are DCF Correctional Security Officer Sgt. Wilson and Corrections Corporation of America.

Plaintiff alleges that upon his arrival at DCF on June 21, 2011, he advised DCF staff that he could not be housed with the UAB prison gang, because they had a "hit" out on him. The information was printed on a paper which plaintiff signed, and plaintiff allegedly was advised that the facility had a place where he would be safe. The intake officers housed him on Fox-Alpha Unit, and Defendant Wilson allegedly was assigned to coordinate Fox Unit. On August 16, 2011, plaintiff was attacked by two other inmates.

According to plaintiff, three officers escorted him to the showers with his hands cuffed behind his back. The cells were supposed to be "secured and locked" with no

movement by the "phase" inmates when the segregation inmates are moved. When the officers got plaintiff to the bottom of the stairs of the top run, a door swung open and two inmates with knives came running toward him. The officers allegedly deserted plaintiff and left him to fend for himself. Plaintiff asserts he was stabbed nine times and was taken to the hospital in critical condition.

The defendants allege, among other things, that plaintiff did not timely file this action. In Oklahoma the applicable period of limitations for a § 1983 action is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). Plaintiff alleges in his amended complaint that the attack occurred on August 16, 2011 (Dkt. 16 at 3), but the amended complaint was not filed until August 20, 2013.[1] Therefore, the court finds this action is barred by the statute of limitations.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis

---

[1] Plaintiff's original complaint indicates it was signed on August 16, 2013 (Dkt. 1 at 6), but he has failed to provide documentation that the "prisoner mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270, 276 (1988), applies. He also has not disputed the defendants' claim that the complaint is time barred.

either in law or fact.  *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous.  This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 20th day of March 2015.

James H. Payne
United States District Judge
Eastern District of Oklahoma